■ In the Matter of LONG ISLAND PINE BARRENS SOCIETY, INC., et al., Appellants, v PLANNING BOARD OF THE TOWN OF BROOKHAVEN et al., Respondents, and ALLAN V. ROSE, Intervenor-Respondent. [611 NYS2d 917] —In a proceeding pursuant to CPLR article 78 to review a determination of the respondent Planning Board of the Town of Brookhaven, dated December 11, 1989, granting preliminary plat approval for a subdivision application submitted by the intervenor Allan V. Rose, the

petitioners appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Baisley, J.), entered April 28, 1992, as dismissed the third cause of action asserted in their amended petition.

Ordered that the judgment is affirmed insofar as appealed, with one bill of costs to the respondents appearing separately and filing separate briefs.

The property that is the subject of this proceeding is a tract of undeveloped land of over 390 acres situated in the Town of Brookhaven and known as Southgate University Park at Stony Brook. As of the time the instant proceeding was commenced, all but approximately 16 acres of the parcel were zoned for light industrial use. Prior to January 1987 the owner had extensive discussions with various municipal officials to explore the feasibility of different proposals to develop the land. The preferred plan adopted as a result of these discussions was to subdivide the parcel into three lots. Proposed lots one and two, consisting of approximately 123 acres, were to be developed into an industrial office park, and proposed lot three was to be developed for multi-family use and a planned retirement community.

In or about January 1987 the owner filed an application for preliminary subdivision plat approval for lots one and two. No action or approvals were sought for the development of lot three because the preferred proposal required a rezoning and because a portion of this proposed lot had been polluted by a large gasoline leak from an adjacent property.

In accordance with the procedural requirements of the State Environmental Quality Review Act (hereinafter SEQRA), the Planning Board, acting as lead agency with respect to the subject application, determined that the proposed development may have a significant impact on the environment, and, consequently, required preparation of an environmental impact statement (hereinafter EIS) *(see,* ECL 8-0109 [2]). Although the application sought approval with respect to the development of lots one and two only, the Planning Board required the draft EIS (hereinafter DEIS) to include environmental review and study of the plans to develop the entire tract, including lot three.

The Planning Board accepted the DEIS prepared by the applicant, allowed for an appropriate comment period, and conducted a public hearing, all in accordance with the rules implementing SEQRA's review process *(see,* 6 NYCRR 617.8). A final EIS was prepared and accepted by the Planning Board.

The Planning Board thereafter made explicit findings that the requirements of SEQRA had been satisfied and adopted measures deemed sufficient to minimize the potential adverse environmental effects revealed in the review process (see, ECL 8-0109 [8]). The Planning Board then passed a resolution approving the proposed preliminary subdivision plat.

The petitioners commenced the instant proceeding, alleging in three separately denominated causes of action that there had been numerous procedural and substantive errors in the environmental review process, and that the Planning Board's determination should therefore be declared invalid. On appeal, the petitioners are challenging the Supreme Court's dismissal of the third cause of action. They are not raising any issues with respect to the dismissal of the first two causes of action.

The gravamen of the third cause of action is that the Planning Board failed to conduct a sufficiently detailed environmental review of the proposed development of lot three, resulting in the allegedly improper segmentation of the review process. We disagree, and conclude that the third cause of action was properly dismissed.

The petitioners at bar improperly raised, for the first time in their petition, the specific challenge being advanced on this appeal. Applying the doctrine of exhaustion of remedies, courts have refused to review a determination on environmental matters based upon evidence or arguments not presented during the proceedings before the lead agency (see, *Aldrich v Pattison*, 107 AD2d 258, 267). Here, the petitioners failed to raise the specific challenge asserted in the third cause of action during the two-and-one-half year pendency of the administrative proceedings.

Nevertheless, we have considered the merits of this issue on appeal and conclude that the Planning Board did not improperly segment the environmental review process, under the circumstances of this case.

Segmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated, needing individual determinations of significance (see, 6 NYCRR 617.2 [gg]). The regulations generally prohibiting segmentation are designed to guard against a distortion of the approval process by preventing a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review. Additionally, a project developer is not

permitted to exclude certain activities from the definition of a project for the purpose of making it appear that adverse environmental impacts have been minimized for the purpose of circumventing the detailed review called for under SEQRA *(see, Matter of Schultz v Jorling,* 164 AD2d 252, 255-256).

Here, the Planning Board, as lead agency, made a positive declaration, finding significant potential environmental effects, and consequently, it ordered a full-blown environmental review of the proposed development. To address the full potential environmental impact of future development upon the entire site, a total of 12 alternative development plans proposed for lots one, two, and three were considered in the DEIS. The Planning Board in its examination of the alternatives, made every effort to study and anticipate the impacts of development of the entire Southgate project. Moreover, the Planning Board's findings set forth mitigation procedures to be followed with respect to all three lots, and clearly indicate that in the event development of lot three should be proposed, a supplemental DEIS shall be required.

Because of the uncertainty as to when, if ever, proposed lot three would be developed as planned, it was not feasible or necessary for the Planning Board to undertake a more exhaustive and speculative evaluation *(see, Matter of Schultz v Jorling, supra,* 164 AD2d, at 255; *see also,* 6 NYCRR 617.3 [k]). Because the Planning Board did not violate the regulations prohibiting improper segmentation, we conclude that the third cause of action was properly dismissed.

Moreover, in reviewing the determination of a lead agency, it is not the role of the courts to weigh the desirability of any action or choose among alternatives, but to assure that the agency itself has satisfied SEQRA, procedurally and substantively *(see, Matter of Jackson v New York State Urban Dev. Corp.,* 67 NY2d 400, 416). Contrary to the petitioner's contention here, we find that the Planning Board followed SEQRA's procedural rules. Additionally, we have reviewed the record and are satisfied that the Planning Board complied with its substantive mandates by identifying and taking a hard look at the relevant areas of environmental concern, and providing a reasoned elaboration of the basis for its determination *(see, Akpan v Koch,* 75 NY2d 561, 569-570). The decision to grant preliminary plat approval is supported by substantial evidence and must therefore be upheld. Balletta, J. P., Ritter, Copertino and Goldstein, JJ., concur.