■ In the Matter of GYRODYNE COMPANY OF AMERICA, INC., Petitioner, v STATE UNIVERSITY OF NEW YORK AT STONY BROOK et al., Respondents. [794 NYS2d 87]—

Proceeding pursuant to EDPL 207 to review a determination of the State University of New York at Stony Brook dated August 27, 2004, made after a public hearing, to acquire a parcel of real property owned by the petitioner for the purpose of constructing a new university research and development campus.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

The petitioner commenced this proceeding pursuant to EDPL 207 seeking judicial review of the determination and findings of the respondent State University of New York at Stony Brook (hereinafter SUNY Stony Brook) dated August 27, 2004, to acquire 246 acres of the petitioner's 314-acre parcel of real property located contiguous to the university's existing campus for the purpose of constructing a new research and development campus.

Contrary to the petitioner's contention, SUNY Stony Brook has sufficient statutory jurisdiction and authorization for this public project (*see* Education Law § 307 [1]; § 355 [2] [a]; *Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718 [1989]; *Matter of Wechsler v New York State Dept. of Envtl. Conservation,* 153 AD2d 300 [1990], *affd* 76 NY2d 923 [1990]). There is no dispute that the proposed project will be used for educational purposes. Moreover, the record does not support the petitioner's contention that the Board of Trustees of SUNY Stony Brook improperly delegated their statutory grant of the power of

eminent domain. The Board of Trustees merely authorized the Chancellor, or his designee, to "take all steps and execute or approve in the name of and on behalf of this Board all documents, notices, maps or any other instruments necessary or proper to effect the acquisition of title to and the possession of" the petitioner's property.

We reject the petitioner's contention that the proposed taking is excessive. While a condemnor cannot take, by use of the power of eminent domain, property not necessary to fulfill the public purpose, it is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill that purpose (*see Hallock v State of New York*, 32 NY2d 599, 605 [1973]; *Matter of Wechsler v New York State Dept. of Envtl. Conservation, supra*). The determination, made after extensive environmental impact studies, evaluation of alternative sites including the existing campus, and public participation, that the proposed acquisition is necessary to achieve the desired public purpose is rational and, therefore, will not be disturbed (*see Matter of Waldo's, Inc. v Village of Johnson City, supra* at 721; *Matter of Wechsler v New York State Dept. of Envtl. Conservation, supra; Matter of Neptune Assoc. v Consolidated Edison Co. of N.Y.*, 125 AD2d 473 [1986]).

Moreover, the record reveals that SUNY Stony Brook identified "the relevant areas of environmental concern," took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination (*Matter of Jackson v New York State Urban Dev. Corp.*, 67 NY2d 400, 417 [1986]; *see Matter of Rafferty v Town of Colonie*, 300 AD2d 719 [2002]; *Matter of Munash v Town Bd. of Town of E. Hampton*, 297 AD2d 345 [2002]). Thus, the determination of SUNY Stony Brook is supported by the record and should not be disturbed (*see Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency*, 302 AD2d 399). Further, we reject the petitioner's contention that SEQRA review was improperly segmented (*see Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617 [2002]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 204 AD2d 548 [1994]).

In light of the foregoing, we do not reach the parties remaining contentions. Schmidt, J.P., Santucci, Spolzino and Lifson, JJ., concur.