In the Matter of JOHN M. BUTLER, Petitioner, v ONONDAGA COUNTY LEGISLATURE, Respondent. [833 NYS2d 829]—

Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent.

It is hereby ordered that the determination be and the same hereby is unanimously confirmed without costs and the petition is dismissed.

Memorandum: Petitioner commenced this proceeding pursuant to EDPL 207 seeking to annul respondent's determination to condemn a .4-acre parcel of petitioner's property along the Onondaga Creek shoreline. Petitioner contends, inter alia, that the proposed taking is not the least invasive alternative and involves more of petitioner's land than is necessary for the intended public use. "Our scope of review pursuant to EDPL 207 (C) is limited to whether the proceeding was in conformity with constitutional requirements, whether the proposed acquisition is within the statutory jurisdiction or authority of the condemnor, whether the condemnor's determination and findings were made in accordance with the procedures set forth in EDPL article 2 and ECL article 8, and whether a proposed use, benefit or purpose will be served by the proposed acquisition" (*Matter of Pfohl v Village of Sylvan Beach*, 26 AD3d 820, 820 [2006]; *see Matter of City of New York [Grand Lafayette Props. LLC]*, 6 NY3d 540, 546 [2006]; *Matter of Waldo's, Inc. v Village of Johnson City*, 74 NY2d 718, 720 [1989]; *Matter of Broadway Schenectady Entertainment v County of Schenectady*, 288 AD2d 672, 672-673 [2001]). The burden is on the party challenging the condemnation to establish that the determination "was without foundation and baseless" (*Matter of Rafferty v Town of Colonie*, 300 AD2d 719, 721 [2002]; *see Broadway Schenectady Entertainment*, 288 AD2d at 673). Thus, "[i]f an adequate basis for a determination is shown and the objector cannot show that

the determination was without foundation, the [condemnor's] determination should be confirmed" (*Waldo's, Inc.*, 74 NY2d at 720 [internal quotation marks omitted]; *see Matter of Stankevich v Town of Southold*, 29 AD3d 810, 811 [2006], *lv denied* 7 NY3d 717 [2006]; *Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency*, 301 AD2d 292, 299 [2002], *lv denied* 99 NY2d 508 [2003]).

We conclude that petitioner has failed to sustain his burden of establishing that the determination is without foundation and baseless. We further conclude that petitioner has failed to establish that the taking is excessive. "[I]t is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill [the public] purpose" (*Rafferty*, 300 AD2d at 723; *see Matter of Doyle v Schuylerville Cent. School Dist.*, 35 AD3d 1058, 1059 [2006]; *Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675, 676 [2005], *lv denied* 5 NY3d 716 [2005]). Contrary to petitioner's contention, respondent neither abused nor improvidently exercised its discretion. Present—Scudder, P.J., Hurlbutt, Green and Pine, JJ.