In the Matter of TOWN OF BABYLON et al., Appellants, v NEW YORK STATE DEPARTMENT OF TRANSPORTATION et al., Respondents. [849 NYS2d 611]—

In a proceeding pursuant to CPLR article 78, inter alia, to review a determination of the New York State Department of Transportation dated April 7, 2006, which issued a negative declaration under the State Environmental Quality Review Act with respect to the construction and operation of two airplane hangars and related parking facilities at Republic Airport in East Farmingdale, the petitioners appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Mullen, J.), dated September 7, 2006, which (a) vacated a temporary restraining order contained in an order of the same

court dated June 1, 2006, (b), in effect, denied those branches of the petition alleging that the respondents violated the State Environmental Quality Review Act, (c) granted that branch of the respondents' cross motion which was to dismiss that branch of the petition which was for an injunction permanently enjoining the respondents from constructing and operating the hangars and parking facilities, and (d), in effect, dismissed the proceeding.

Ordered that the order and judgment is affirmed, with one bill of costs.

In this proceeding, the petitioners challenge the determination of the New York State Department of Transportation (hereinafter the DOT) that the construction of two airplane hangars and related parking facilities at Republic Airport by Northeastern Aviation Corp. would have no significant impacts on the environment.

The record reveals that the DOT "identified the relevant area[s] of environmental concern," took a "hard look" at them (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 397 [1995]), and made a "reasoned elaboration" of the basis for its determination (*Matter of Merson v McNally*, 90 NY2d 742, 751 [1997]). The determination of the DOT is supported by the record and should not be disturbed (*see Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675 [2005]; *Matter of Village of Pelham v City of Mount Vernon Indus. Dev. Agency*, 302 AD2d 399). Moreover, the petitioners' contention that the DOT's review pursuant to the State Environmental Quality Review Act (ECL art 8 [hereinafter SEQRA]) was improperly segmented is without merit (*see Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 80 NY2d 500, 513 [1992]; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 620-621 [2002]). Accordingly, the Supreme Court properly, in effect, denied those branches of the petition alleging a violation of SEQRA, and properly determined that the petitioners were not entitled to a permanent injunction. Mastro, J.P., Fisher, Carni and McCarthy, JJ., concur.