■ In the Matter of EAST MORICHES PROPERTY OWNERS' ASSOCIATION, INC., et al., Appellants, v PLANNING BOARD OF TOWN OF BROOKHAVEN et al., Respondents. [887 NYS2d 638]—

In a hybrid proceeding pursuant to CPLR article 78 to review two determinations of the Planning Board of the Town of Brookhaven, both dated August 20, 2007, which, inter alia, granted the application of McLean-Katter, LLC, for site plan approval and issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8), and action for a judgment declaring that the site plan approval and issuance of a negative declaration are illegal, the petitioners-plaintiffs appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Suffolk County (Weber, J.), dated April 3, 2008, as denied those branches of the petition which were to annul so

much of the determinations as granted the application of Mc-Lean-Katter, LLC, for site plan approval and issued a negative declaration pursuant to the State Environmental Quality Review Act.

Ordered that the judgment is modified, on the law, by adding a provision thereto dismissing, as unnecessary, the causes of action for a judgment declaring that the site plan approval and issuance of the negative declaration are illegal; as so modified, the judgment is affirmed insofar as appealed from, with one bill of costs payable to the respondents.

In this hybrid proceeding and action, the petitioners-plaintiffs (hereinafter the petitioners) challenge a determination of the Planning Board of the Town of Brookhaven (hereinafter the Planning Board) approving a site plan application for a development project sponsored by Heritage Square Builders at East Moriches, LLC, and McClean-Katter, LLC. The petitioners further challenge a separate determination of the Planning Board, made in connection with that approval, that the project would not have a significant adverse impact on the environment, that the issuance of a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA) was, therefore, warranted, and that no environmental impact statement need be prepared and circulated with respect to the project.

Contrary to the petitioners' contention, the Planning Board "identified the relevant area[s] of environmental concern," took a "hard look" at them, and made a "reasoned elaboration" of the basis for its determination (*Matter of Merson v McNally*, 90 NY2d 742, 751 [1997]; *see Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 397 [1995]). As relevant to the environmental concerns raised by the petitioners, namely, aesthetic impacts and impacts on community character, the Planning Board staff conducted a field investigation of the proposed project site, heard oral presentations from the public as to community character and the area's aesthetic resources, evaluated the site for potential resources of historical, cultural, and archeological significance—finding that none were present on or near the site—and reviewed the Town's open space study and comprehensive land use plan, among various other land use and environmental plans, to assess the project's potential ecological and land use impacts. The Planning Board's subsequent determination that the proposed project—which included significant landscaping, open space, and an 11-acre nature preserve—would not adversely impact the community's character or aesthetic resources is supported by the record and should not be disturbed

(*see Matter of Town of Babylon v New York State Dept. of Transp.*, 47 AD3d 721, 722 [2008]; *Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675 [2005]).

Moreover, contrary to the petitioners' contention, the annulment of the SEQRA negative declaration and the Planning Board's approval of the subject site plan was not warranted on the ground that the Planning Board failed to consider the proposed project's compatibility with a land use plan known as the County Road 51 corridor land use plan. That land use plan acknowledged the proposed project and expressly declined to make any recommendations as to the subject property. Thus, the land use plan had no significance with respect to the proposed project.

While the petitioners are correct that a town planning board is not authorized to interpret the provisions of the local zoning law (*see Matter of Gershowitz v Planning Bd. of Town of Brookhaven*, 52 NY2d 763, 765 [1980]; *Matter of Jamil v Village of Scarsdale Planning Bd.*, 24 AD3d 552, 554 [2005]), nothing in the Planning Board's resolution approving the site plan purports to evaluate the proposed use of the property in light of the zoning code or to otherwise interpret the provisions of the zoning code. The petitioners' suggestion that the Planning Board necessarily made an implicit interpretation of the zoning code merely by approving the site plan is both unsound as a general proposition and unsupported by the record.

Since the issues of law in dispute here are limited to whether the challenged determinations were made in violation of lawful procedure, affected by an error of law, arbitrary and capricious, an abuse of discretion, or irrational, they are subject to review only pursuant to CPLR Article 78 (*see* CPLR 7803 [3]; Town Law § 274-a [3]; *Matter of Young v Board of Trustees of Vil. of Blasdell*, 89 NY2d 846, 848 [1996]; *Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 203 [1987]; *Matter of Jones v Amicone*, 27 AD3d 465, 469 [2006]; *Matter of Haggerty v Planning Bd. of Town of Sand Lake*, 166 AD3d 791, 792 [1990], *affd* 79 NY2d 784 [1991]), thus rendering unnecessary the causes of action for a judgment declaring that the site plan approval and issuance of a negative declaration are illegal (*see Matter of 1300 Franklin Ave. Members, LLC v Board of Trustees of Inc. Vil. of Garden City*, 62 AD3d 1004, 1007 [2009]; *Matter of Kogel v Zoning Bd. of Appeals of Town of Huntington*, 58 AD3d 630 [2009], *lv denied* 13 NY3d 701 [2009]).

In light of our determination, we need not reach the respondents' remaining contentions. Dillon, J.P., Dickerson, Lott and Austin, JJ., concur.