■ In the Matter of RAPHAEL RIVERSO, Petitioner, v ROCKLAND COUNTY SOLID WASTE MANAGEMENT AUTHORITY, Respondent. [946 NYS2d 175]—

Proceeding pursuant to EDPL 207 to review a determination of the Rockland County Solid Waste Management Authority dated May 26, 2011, made after a public hearing, authorizing the condemnation of certain real property.

Adjudged that the petition is granted, on the law, with costs, the determination is rejected, and the matter is remitted to the Rockland County Solid Waste Management Authority to conduct an appropriate environmental review pursuant to the State Environmental Quality Review Act (ECL art 8) in accordance herewith.

The Clarkstown Solid Waste Management Facilities (hereinafter the Clarkstown Facility) comprise, among other things, a concrete/asphalt crushing operation, a wood mulching operation, and a leaf composting operation. The western portion of the Clarkstown Facility is also the site of the former Clarkstown Sanitary Landfill (hereinafter the landfill). The landfill operations had encroached onto approximately 1.5 acres of a 7-acre parcel of real property owned by the petitioner Raphael Riverso, situated immediately to the north of the landfill. In 1989 the Town of Clarkstown and the New York State Department of Environmental Conservation (hereinafter the DEC) entered into an Order on Consent, which declared the area to be environmentally hazardous, and required the Town to address the situation in accordance with a remediation plan which was to be approved and supervised by the DEC. In 1995 a remediation plan approved by the DEC required, inter alia, that the Town cap the landfill, along with the 1.5-acre portion of Riverso's property (hereinafter the property). Although the 1995 DEC plan obligated the Town to obtain authorizations, easements, or rights-of-entry that were necessary to carry out such remediation, the Town did not obtain access to the property, and neither the property nor the adjacent portion of the landfill was ever remediated.

After the Rockland County Solid Waste Management Authority (hereinafter the Authority) purchased the Clarkstown Facility from the Town in 2009, the Authority attempted unsuccessfully to purchase the property from Riverso in order to expand and reconfigure its operations, and to provide the Town with access to the landfill portion for remediation. Eventually, the Authority initiated procedures to condemn the property and, af-

ter a public hearing, the Authority issued a determination authorizing such condemnation. As part of the condemnation process, the Authority also issued a negative declaration pursuant to the State Environmental Quality Review Act (ECL art 8; hereinafter SEQRA), finding that the acquisition would not have a significant adverse impact on the environment, and that, accordingly, a draft environmental impact statement need not be prepared. Thereafter, Riverso commenced the instant proceeding pursuant to EDPL 207 to review that determination.

The petitioner correctly contends that the Authority failed to comply with SEQRA in connection with the proposed condemnation and proposed land acquisition. "No agency involved in an action may undertake, fund or approve the action until it has complied with the provisions of SEQR[A]" (6 NYCRR 617.3 [a]). A proceeding to acquire property through condemnation is an action under the EDPL which triggers environmental review under SEQRA (*see Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook*, 17 AD3d 675 [2005]). Strict compliance with SEQRA is required (*see Matter of New York City Coalition to End Lead Poisoning v Vallone*, 100 NY2d 337, 347-348 [2003]).

The record reveals that the Authority did not properly "identif[y] the relevant areas of environmental concern" and, thus, did not take a "hard look" at them (*Matter of Chemical Specialties Mfrs. Assn. v Jorling*, 85 NY2d 382, 397 [1995]). Specifically, the Authority's findings do not address the environmental concerns pertaining to the land outside of the 1.5-acre property immediately adjacent to the landfill. Additionally, the Authority, as part of its review, did not conduct an investigation into the effects of the condemnation and acquisition upon the groundwater on the remainder of Riverso's land, since that step had already been taken in connection with the 1989 Order on Consent. However, the passage of more than 10 years since that investigation has been conducted necessitates further review under SEQRA to ensure that no new environmental concerns exist (*see* 6 NYCRR 617.9 [a] [7] [i]; *Matter of Doremus v Town of Oyster Bay*, 274 AD2d 390 [2000]).

The petitioner also correctly contends that, under the circumstances presented here, the Authority improperly segmented its SEQRA review process both by time and by geography (*see* 6 NYCRR 617.2 [ag]; 617.3 [g] [1]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 80 NY2d 500, 513 [1992]; *Matter of Village of Tarrytown v Planning Bd. of Vil. of Sleepy Hollow*, 292 AD2d 617, 620-621 [2002]). Contrary to the Authority's contention, the fact that it had no "concrete"

plans for the expansion of its operations on the property did not relieve it of the requirement to conduct an environmental review of the entirety of Riverso's land. Indeed, deferring such review would result in the very segmentation of environmental review which is disfavored under SEQRA (*see Matter of Save the Pine Bush v City of Albany*, 70 NY2d 193, 200 [1987]; *Matter of Concerned Citizens for Envt. v Zagata*, 243 AD2d 20, 22 [1998]; *Matter of Farrington Close Condominium Bd. of Mgrs. v Incorporated Vil. of Southampton*, 205 AD2d 623, 626 [1994]; *Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven*, 204 AD2d 548, 550-551 [1994]).

Accordingly, since there was a failure to properly comply with SEQRA, the determination and findings must be rejected, and the matter remitted to the Authority to undertake the appropriate review (*see Matter of Munash v Town Bd. of Town of E. Hampton*, 297 AD2d 345 [2002]).

In light of our conclusion herein, we do not reach any of the parties' remaining contentions. Skelos, J.P., Dickerson, Eng and Sgroi, JJ., concur.