Matter of Arthur M. v Town of Germantown Planning Bd. (2020 NY Slip Op 03440)





Matter of Arthur M. v Town of Germantown Planning Bd.


2020 NY Slip Op 03440


Decided on June 18, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: June 18, 2020

528603

[*1]In the Matter of Arthur M. Cady et al., Respondents, et al., Petitioners,
v
Town of Germantown Planning Board et al., Appellants, et al., Respondents.

Calendar Date: May 19, 2020

Before: Lynch, J.P., Devine, Pritzker and Reynolds Fitzgerald, JJ.


Whitbeck Benedict & Smith LLP, Hudson (Corrine R. Smith of counsel), for Town of Germantown Planning Board, appellant.
Monaco Cooper Lamme & Carr PLLC, Albany (Jacob F. Lamme of counsel), for Primax Properties, LLC, appellant.
Warren S. Replansky, PC, Rhinebeck (Warren S. Replansky of counsel), for respondents.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Zwack, J.), entered February 5, 2019 in Columbia County, which granted petitioners' application, in a combined proceeding pursuant to CPLR article 78 and action for declaratory judgment, to annul a determination of respondent Town of Germantown Planning Board approving the request of respondent Primax Properties, LLC for subdivision and site plan approval.
In January 2015, respondent Primax Properties, LLC applied to respondent Town of Germantown Planning Board for subdivision and site plan approval to subdivide an existing lot of approximately 6.1 acres in the Town of Germantown, Columbia County (hereinafter the property) into two lots. Respondents Paul D'Souza and Henrietta D'Souza, who owned the property, would retain one lot of approximately 4.7 acres, while the remaining lot of approximately 1.4 acres (hereinafter the site) would be conveyed to Primax. Primax would then construct an approximately 9,000-square-foot Dollar General retail store on the site, a permitted use in the relevant zoning district requiring site plan approval. Petitioners Arthur M. Cady and Elizabeth M. Cawley owned certain real property that shared a common boundary with the property. The site falls within the Town's scenic viewshed overlay district, which is designed to protect the Hudson River corridor and the Catskill Mountain viewshed in accordance with the Town's Comprehensive Plan.
Following Primax's application, the Planning Board declared itself lead agency pursuant to the State Environmental Quality Review Act (see ECL art 8 [hereinafter SEQRA]). The Planning Board issued a positive declaration, thus requiring the preparation of an environmental impact statement (hereinafter EIS). After Primax submitted three draft EISes, the Planning Board determined that the draft EIS was complete and accepted it for public review. The Planning Board subsequently held a public hearing and continued to accept public comments for a month afterwards. At the Planning Board's request, Primax submitted a proposed final EIS (hereinafter FEIS). The Planning Board then held an internal meeting and voted to accept the FEIS as written. After the Planning Board revised its draft SEQRA findings statement, it unanimously voted to adopt it. Among other things, the proposed revised findings statement indicated that, although the proposed 71-foot-wide building and accompanying signage would be visible from surrounding locations, the building and signage were "not expected to present a significant visual impact" on the viewshed. The Planning Board subsequently held a public hearing and opened a public comment period on the Planning Board's SEQRA findings statement. Despite predominantly negative public comments, the Planning Board unanimously adopted a resolution conditionally approving the site plan and subdivision. The resolution incorporated the Planning Board's SEQRA findings statement and further noted that the project complied with all standards for subdivision and site plan approval, as well as applicable zoning and design standards.
Thereafter, petitioners commenced this combined CPLR article 78 proceeding and action for declaratory judgment setting forth 12 causes of action generally involving alleged SEQRA violations. Petitioners argued, as relevant here, that the Planning Board failed to take the requisite hard look at the visual and environmental impact of the project and acted outside of its authority by approving the building design with a 71-foot faÇade without submitting the matter to the Germantown Zoning Board of Appeals (hereinafter ZBA) for a determination as to whether an area variance was necessary. The D'Souzas filed a pro se answer and Primax filed a verified answer, each asserting that petitioners lacked standing. Supreme Court found that Cady and Cawley had standing insofar as the close proximity of their adjacent property placed them at risk of having their view of the scenic landscape corrupted by the project.[FN1] The court then vacated the Planning Board's resolution, finding, among other things, that, although the Planning Board did take a hard look at the project's environmental impacts, it exceeded its authority under the Town zoning code by failing to refer the matter to the ZBA. The court therefore granted the petition and referred the matter to the ZBA for a determination of whether the proposed building's 71-foot faÇade conforms with the Town zoning code. Primax and the Planning Board (hereinafter collectively referred to as respondents) appeal.
We find without merit respondents' argument that Cady and Cawley lack standing. Cady and Cawley's residence is directly adjacent to the proposed construction site, and the proposed retail store would be directly across the woods from their property. The store's main parking lot, which is located behind the store, is in the line of sight of Cady and Cawley's property. As a result, the store is likely to obstruct or interfere with the scenic views within the scenic viewshed overlay district from Cady and Cawley's property. Cady and Cawley have standing because they have demonstrated that they would suffer an "injury in fact - i.e., actual harm by the action challenged that differs from that suffered by the public at large — and that such injury falls within the zone of interests, or concerns sought to be promoted or protected by the statutory provision under which the agency has acted" (Matter of Saratoga Lake Protection & Improvement Dist. v Department of Pub. Works of City of Saratoga Springs, 46 AD3d 979, 981 [2007] [internal quotation marks, brackets and citation omitted], lv denied 10 NY3d 706 [2008]; see Matter of Ziemba v City of Troy, 37 AD3d 68, 70-73 [2006], lv denied 8 NY3d 806 [2007]).
Turning to the merits, respondents contend that Supreme Court improperly found that the Planning Board exceeded its authority in declining to refer the project to the ZBA. In reviewing a zoning ordinance, a court must "read all of its parts together, construe any unambiguous language contained therein in such a fashion as to give effect to its plain meaning" (Matter of Oakwood Prop. Mgt., LLC v Town of Brunswick, 103 AD3d 1067, 1071 [2013] [internal quotation marks, brackets and citations omitted], lv denied 21 NY3d 853 [2013]; see Matter of Casey v Town of Arietta Zoning Bd. of Appeals, 169 AD3d 1231, 1233 [2019]). Additionally, a local planning board generally lacks authority to interpret provisions of the local zoning code; such authority is generally reserved for a zoning board of appeals (see Matter of Catskill Heritage Alliance, Inc. v Crossroads Ventures, LLC, 161 AD3d 1413, 1415-1416 [2018]; Matter of East Moriches Prop. Owners' Assn., Inc. v Planning Bd. of Town of Brookhaven, 66 AD3d 895, 897 [2009]). A planning board, however, will not be required to refer a matter to a zoning board for a superfluous interpretation of an unambiguous provision contained in the zoning code (see Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d 1483, 1487 [2019]; East Moriches Prop. Owners' Assn. v Planning Bd. of Town of Brookhaven, 66 AD3d at 897).
As relevant here, the Town zoning code states that "the length of any faÇade should generally not exceed 50 feet maximum [horizontal dimension]" (Zoning and Subdivision Law for the Town of Germantown, art VII, § [A] [4] [d] [emphasis added]). Insofar as the subject provision lacks any compulsory language,[FN2] this provision is deliberately phrased as a guideline, rather than as a prohibition; in other words, there was no requirement for a referral to the ZBA to determine the plain language of the statute. Based on the foregoing, Supreme Court erred in finding that the Planning Board exceeded its authority insofar as its approval of the site plan was rational and based simply upon an unambiguous reading of the Town zoning code (see generally Matter of Micklas v Town of Halfmoon Planning Bd., 170 AD3d at 1487; East Moriches Prop. Owners' Assn. v Planning Bd. of Town of Brookhaven, 66 AD3d at 897; compare Catskill Heritage Alliance, Inc. v Crossroads Ventures, LLC, 161 AD3d 1413, 1415-1416 [2018]).
Petitioners argue, as an alternative ground for affirmance, that the Planning Board failed to satisfy SEQRA's "hard look" requirement as to the visual impact of the 71-foot faÇade. This argument lacks merit. Although the faÇade did exceed the Town zoning code's 50-foot guideline, the Planning Board took various actions to ensure that Primax minimized the faÇade's visual and environmental disruption, including, in preparation for the second draft EIS, requiring Primax to alter the faÇade to include a chamfered front to reduce the visual impact. Primax complied with this requirement. As such, our review of the record reveals that the Planning Board underwent a nearly four-year process that involved in-depth environmental impact reports, multiple draft EISes and public hearings, which formed the basis of the FEIS and SEQRA findings statement. Accordingly, we find that the Planning Board complied with its procedural and substantive requirements under SEQRA (see Matter of Cade v Stapf, 91 AD3d 1229, 1230-1232 [2012]; Matter of North Country Citizens for Responsible Growth, Inc. v Town of Potsdam Planning Bd., 39 AD3d 1098, 1103-1104 [2007]).
Lynch, J.P., Devine and Reynolds Fitzgerald, JJ., concur.
ORDERED that the judgment is reversed, on the law, without costs, and petition dismissed.



Footnotes

Footnote 1: Supreme Court found that the remaining petitioners lacked standing.

Footnote 2: Although the Town zoning code expressly states that "the word 'shall' is mandatory unless otherwise indicated" (Zoning and Subdivision Law for the Town of Germantown, art X, § [B] [2]), and other provisions of the zoning code use the word "shall," this provision relating to the length of any faÇade does not.