Matter of JHK Dev., LLC v Town of Salina (2024 NY Slip Op 06467)

Matter of JHK Dev., LLC v Town of Salina

2024 NY Slip Op 06467

Decided on December 20, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 20, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, BANNISTER, NOWAK, AND HANNAH, JJ.

823 OP 24-00645

[*1]IN THE MATTER OF JHK DEVELOPMENT, LLC, PETITIONER,
v
TOWN OF SALINA, TOWN OF SALINA TOWN BOARD AND UR-BAN VILLAGES PFA, LLC, RESPONDENTS. 

BOND, SCHOENECK & KING, PLLC, SYRACUSE (RICHARD L. WEBER OF COUNSEL), FOR PETITIONER.
HARRIS BEACH PLLC, BUFFALO (ALLISON B. FIUT OF COUNSEL), FOR RESPONDENTS TOWN OF SALINA AND TOWN OF SALINA TOWN BOARD. 

 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent Town of Salina Town Board authorizing the condemnation of property owned by petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent Town of Salina Town Board (Town Board), authorizing the condemnation of approximately .5 acres of property owned by petitioner for the construction of a road accessing a new development being constructed on adjacent property by respondent UR-Ban Villages PFA, LLC (developer). The site of the new development is a long-vacant candle factory (factory site) that the developer is redeveloping into a mixed-use project. Petitioner's property, which is in an office park and is used for the operation of a dermatology practice, is accessible by a parkway that ends in a cul-de-sac that is directly adjacent to the factory site. There is a 20-foot wide drainage easement present on the southern border of petitioner's property, located precisely on the portion sought to be condemned.
One part of the overall redevelopment project of the factory site involves the conversion of an existing building on that site into an indoor soccer and lacrosse center. Because of the additional traffic demands occasioned by the new soccer and lacrosse center, i.e., bottlenecking at the existing points of ingress and egress at the factory site, the developer needs an additional entrance and exit to the site approaching from the north—i.e., from the direction of petitioner's property. In particular, the developer needs alternative routes to allow first responders access to the new athletic facility. Consequently, respondent Town of Salina (Town), via the Town Board, sought condemnation of part of petitioner's property to allow the developer to construct an access road to the factory site. In essence, the access road would extend the parkway through the cul-de-sac, across a portion of petitioner's property, and into the factory site's parking lot. As a result of the condemnation, petitioner would lose some of its parking spaces.
Following a public hearing, the Town Board issued a negative declaration pursuant to the State Environmental Quality Review Act ([SEQRA] ECL art 8), classifying the access road project as an unlisted action and determining that it would not have any significant adverse environmental impact. Thereafter, the Town Board adopted a resolution authorizing the acquisition of petitioner's property and published a synopsis of its determinations and findings. We confirm the determination and dismiss the petition.
The power of eminent domain—i.e., "[t]he right to take private property for public [*2]use"—"is an inherent and unlimited attribute of sovereignty whose exercise may be governed by the [l]egislature within constitutional limitations and by the [l]egislature within its power delegated to municipalities" (Matter of Mazzone, 281 NY 139, 146-147 [1939], rearg denied 281 NY 671 [1939]; see Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls, 218 AD3d 1306, 1307 [4th Dept 2023], appeal dismissed 40 NY3d 1059 [2023], lv denied 42 NY3d 904 [2024]). Thus, in the context of an eminent domain proceeding, the courts have recognized "the structural limitations upon our review of what is essentially a legislative prerogative" (Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 526 [2009], rearg denied 14 NY3d 756 [2010]). Consistent with that limited scope of review, there also is a "longstanding policy of deference to legislative judgments in this field" (Kelo v New London, 545 US 469, 480 [2005]; see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 262 [2010]). Consequently, a reasonable difference of opinion between the judiciary and the legislative body lawfully exercising the State's eminent domain power—in this case the Town Board—is an insufficient predicate for the courts to supplant what is essentially a legislative determination (see Goldstein, 13 NY3d at 526). Ultimately, "a court may only substitute its own judgment for that of the legislative body [exercising the eminent domain power] when such judgment is irrational or baseless" (Kaur, 15 NY3d at 254; see Matter of HBC Victor LLC v Town of Victor, 225 AD3d 1254, 1254-1255 [4th Dept 2024], lv denied 42 NY3d 901 [2024]).
Pursuant to EDPL 207 (C), this Court "shall either confirm or reject the condemnor's determination and findings." Our scope of review is limited to "whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with SEQRA and EDPL article 2; and (4) the acquisition will serve a public use" (Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]; see EDPL 207 [C]; Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010]). More specifically, "[t]he burden is on the party challenging the condemnation to establish that the determination was without foundation and baseless" (Matter of Butler v Onondaga County Legislature, 39 AD3d 1271, 1271 [4th Dept 2007] [internal quotation marks omitted]; see Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014]). "If an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the . . . determination should be confirmed" (Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 720 [1989] [internal quotation marks omitted]; see Matter of Bowers Dev., LLC v Oneida County Indus. Dev. Agency, 40 NY3d 1061, 1063 [2023]; Butler, 39 AD3d at 1271-1272).
Initially, we reject petitioner's contention that the Town Board's condemnation of its property will not serve a public use, benefit, or purpose (see EDPL 207 [C] [4]). Those terms are "broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage" (Syracuse Univ., 71 AD3d at 1433 [internal quotation marks omitted]; see Matter of Penney Prop. Sub Holdings LLC v Town of Amherst, 220 AD3d 1169, 1171 [4th Dept 2023], appeal dismissed 41 NY3d 969 [2024]), and "include any use, including urban renewal, which contributes to 'the health, safety, general welfare, convenience or prosperity of the community' " (Matter of Goldstein v New York State Urban Dev. Corp., 64 AD3d 168, 181 [2d Dept 2009], affd 13 NY3d 511 [2009], rearg denied 14 NY3d 756 [2010]; see Matter of United Ref. Co. of Pa. v Town of Amherst, 173 AD3d 1810, 1811 [4th Dept 2019], lv denied 34 NY3d 913 [2020]). The party challenging a condemnation has the burden of establishing that the taking "does not rationally relate to any conceivable public purpose" (Matter of HBC Victor LLC v Town of Victor, 212 AD3d 121, 125 [4th Dept 2022]; see Matter of Aspen Cr. Estates, Ltd. v Town of Brookhaven, 47 AD3d 267, 272 [2d Dept 2007], affd 12 NY3d 735 [2009], cert denied 558 US 820 [2009]; Niagara Falls Redevelopment, LLC, 218 AD3d at 1308).
Here, petitioner did not meet its burden of establishing that condemning its property for purposes of constructing the access road will not serve a public use, benefit or purpose (see Niagara Falls Redevelopment, LLC, 218 AD3d at 1308). The record shows that the proposed redevelopment of the dilapidated factory site serves the public purpose of renewal and that the condemnation is an integral part of that purpose inasmuch as it creates an additional access point to the site and, thereby, fosters the redevelopment thereof. It is well settled that "economic underdevelopment and stagnation are . . . threats to the public sufficient to make their removal cognizable as a public purpose" (Goldstein, 13 NY3d at 525 [internal quotation marks omitted]). [*3]Ensuring that there is sufficient access to the redeveloped factory site—redevelopment that would alleviate economic underdevelopment and stagnation of the long-vacant area—constitutes "an adequate basis for [the Town Board's] determination to exercise its legislatively conferred power to acquire real property in order to eliminate blighting influences" (Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1602 [4th Dept 2020]). To the extent that petitioner attempts to demonstrate that the condemnation is not pursuant to a public purpose by relying on evidence purporting to show the developer was working closely with the Town in connection with the redevelopment project, we note that such cooperation is unremarkable in situations such as here—i.e., where a municipality seeks to foster redevelopment for urban renewal purposes—and wholly fails to establish that the purported public purpose in this case is "merely incidental to the private benefits arising from the condemnation" (HBC Victor LLC, 225 AD3d at 1256; see Penney Prop. Sub Holdings LLC, 220 AD3d at 1172; Sun Co. v City of Syracuse Indus. Dev. Agency LLC, 209 AD2d 34, 43 [4th Dept 1995], appeal dismissed 86 NY2d 776 [1995]).
Petitioner contends that the condemnation is unjustified inasmuch as the public benefits of the redevelopment project will be realized without the condemnation, and therefore the condemnation is not necessary. We reject that contention. "Private property cannot be taken for public use unless it is necessary for such public use," however, "all that is required of a [condemnor] in determining the necessity for taking private property is that they act in good faith and with sound discretion" (People v Fisher, 190 NY 468, 477 [1908]; see Matter of Gyrodyne Co. of Am., Inc. v State Univ. of N.Y. at Stony Brook, 17 AD3d 675, 676 [2d Dept 2005], lv denied 5 NY3d 716 [2005]). "[I]t is generally accepted that the condemnor has broad discretion in deciding what land is necessary to fulfill" the public purpose (Matter of PSC, LLC v City of Albany Indus. Dev. Agency, 200 AD3d 1282, 1287 [3d Dept 2021], lv denied 38 NY3d 909 [2022]; see Gyrodyne Co. of Am., Inc., 17 AD3d at 676; see generally Hallock v State of New York, 32 NY2d 599, 605 [1973]). Here, we conclude that the Town Board did not abuse its discretion in determining that the condemnation is necessary—even though the Town had already issued some approvals and some parts of the redevelopment have been completed—inasmuch as the full project has not been completed and further approvals will be necessary (see Butler, 39 AD3d at 1272). Indeed, the record establishes that the Town has concerns about traffic becoming a "bottleneck[ ]" at the factory site if additional access points are not added, and has indicated that there could be no further development until that concern was addressed. Also supporting a conclusion that the access road is necessary as an additional access point to the factory site is evidence that it would provide first responders with an alternative route to reach the indoor soccer and lacrosse facility located close to petitioner's property. We also note that the proposed condemnation would have a relatively small impact on petitioner's overall property and its parking lot. Thus, under the circumstances presented here, we conclude that the Town Board's determination "that the proposed acquisition is necessary to achieve the desired public purpose is rational" and, therefore, should not be disturbed (Gyrodyne Co. of Am., Inc., 17 AD3d at 676).
Petitioner also contends that the Town Board's determination should be annulled because the taking violated the prior public use doctrine with respect to the drainage easement located on the portion of petitioner's property that the Town Board seeks to condemn. We reject that contention. Under the prior public use doctrine, generally speaking, "property already devoted to public use can only be condemned by special legislative authority clearly expressed or necessarily implied" (Buffalo Sewer Auth. v Town of Cheektowaga, 20 NY2d 47, 53 [1967]). Nevertheless, property already devoted to public use may nonetheless be condemned, provided that "the new use would not [destroy or] materially interfere with the initial use" (Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency, 301 AD2d 292, 303-304 [4th Dept 2002], lv denied 99 NY2d 508 [2003]; see Matter of Bergen Swamp Preserv. Socy. v Village of Bergen, 294 AD2d 827, 828 [4th Dept 2002]; Matter of Board of Coop. Educ. Servs. of Albany-Schoharie-Schenectady-Saratoga Counties v Town of Colonie, 268 AD2d 838, 841-842 [3d Dept 2000]). We conclude that petitioner failed to establish that construction of the access road on the property would stop or materially interfere with the operation of the drainage easement and related infrastructure—it merely established the presence of the easement and that the access road would pass over the easement area. Indeed, our review of the record reveals that the drainage easement on the property consisted of the installation of a sewer pipe underground. Consequently, the installation of an impermeable access road over the underground sewer pipe would not materially interfere with the use of the easement inasmuch as the sewer pipe had [*4]already been installed and was the entire reason for the drainage easement (see generally Matter of Village of Ballston Spa v City of Saratoga Springs, 163 AD3d 1220, 1222 [3d Dept 2018]; Matter of City of Mechanicville v Town of Halfmoon, 23 AD3d 897, 899 [3d Dept 2005]).
We also reject petitioner's contention that the Town Board failed to comply with the requirements of SEQRA in making its determination. Our review of the SEQRA determination "is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or was an abuse of discretion" (Akpan v Koch, 75 NY2d 561, 570 [1990] [internal quotation marks omitted]; see United Ref. Co. of Pa., 173 AD3d at 1812). Further, we note that "[j]udicial review of an agency determination under SEQRA is limited to whether the agency identified the relevant areas of environmental concern, took a hard look at them, and made a reasoned elaboration of the basis for its determination" (Matter of Riverkeeper, Inc. v Planning Bd. of Town of Southeast, 9 NY3d 219, 231-232 [2007] [internal quotation marks omitted]; see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 417 [1986]). To that end, "an agency's substantive obligations under SEQRA must be viewed in light of a rule of reason. Not every conceivable environmental impact, mitigating measure or alternative must be identified and addressed before a [final environmental impact statement] will satisfy the substantive requirements of SEQRA" (Jackson, 67 NY2d at 417 [internal quotation marks omitted]). Here, we conclude that the Town Board complied with its substantive obligations under SEQRA when it issued a negative declaration inasmuch as it took the requisite " 'hard look' " at the relevant environmental factors, including stormwater drainage, impacts to plants, animals and archeological resources, as well as traffic, and "made a 'reasoned elaboration' of the basis for its determination" (Jackson, 67 NY2d at 417; see Matter of Renew 81 for All v New York State Dept. of Transp., 224 AD3d 1273, 1274-1275 [4th Dept 2024]; Matter of Coalition for Cobbs Hill v City of Rochester, 194 AD3d 1428, 1432 [4th Dept 2021]).
Petitioner also contends that the Town Board failed to comply with its SEQRA obligations because it improperly segmented its environmental review. We also reject that contention. Improper "[s]egmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated," which is prohibited in order to prevent "a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review" (Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 204 AD2d 548, 550 [2d Dept 1994], lv dismissed in part & denied in part 85 NY2d 854 [1995]; see Court St. Dev. Project, LLC, 188 AD3d at 1603; see generally 6 NYCRR 617.2 [ah]). Here, respondents note that the complete scope of the entire redevelopment project is not known at this time and—as they conceded at oral argument—at the time of its full completion, the entire project will be further reassessed under SEQRA (see Matter of Huntley Power, LLC v Town of Tonawanda [proceeding No. 2], 217 AD3d 1325, 1328 [4th Dept 2023], lv dismissed 40 NY3d 1058 [2023], lv denied 42 NY3d 1325 [2024]). We note that, absent the identification of any specific future use, the Town Board "was not required to consider the environmental impact of anything beyond the" construction of the access road, and consequently there was no improper segmentation here that would justify annulling the Town Board's determination (Court St. Dev. Project, LLC, 188 AD3d at 1603).
Based on our conclusion that petitioner has failed to establish a lack of authority for the condemnation here, we further conclude that it is not "entitled to be reimbursed for reasonable attorney's fees and costs pursuant to EDPL 207 (B)" (HBC Victor LLC, 212 AD3d at 125; see generally Hargett v Town of Ticonderoga, 13 NY3d 325, 327 [2009]).
Finally, we have considered petitioner's remaining contentions and conclude that none warrants annulment of the determination.
Entered: December 20, 2024
Ann Dillon Flynn
Clerk of the Court