Chief Judge Desmond.
Sixty-eight home owners in the Canarsie section of Brooklyn bring this suit for a declaratory judgment that section 72-n of the General Municipal Law is *213 unconstitutional on its face and as applied to the proposed redevelopment of the area in which these people live. Since April, 1961 this statute, or one like it, has become part of article 15 of the General Municipal Law but at the times here in question it was section 72-n of that law (L. 1958, ch. 924). The section authorizes cities to condemn for the purpose of reclamation or redevelopment predominantly vacant areas which are economically dead so that their existence and condition impairs the sound growth of the community and tends to develop slums and blighted areas. There are in the statute declarations by the Legislature that such reclamation and redevelopment of such areas are necessary to protect health, safety and general welfare, to promote the sound growth of the community, etc. Recited by the Legislature were a number of conditions “ or, combinations thereof ’ ’ which 1 ‘ with or without tangible physical blight ” impair or arrest the sound growth of the community or tend to create slums or blighted areas. There are seven of these listed conditions as follows: subdivision of the land into lots of such form, shape or size as to be incapable of effective development; obsolete and poorly designed street patterns with inadequate access; unsuitable topographic or other physical conditions impeding the development of appropriate uses ; obsolete utilities; buildings unfit for use or occupancy as a result of age, obsolescence, etc.; dangerous, unsanitary or improper uses and conditions adversely affecting public health, safety or welfare; scattered improvements. The statute then goes on to declare that land assembly by individual or private enterprise for purpose of redevelopment in such areas is difficult of attainment, that the conditions above listed create tax delinquency and impair the sound growth of the community, that there is a shortage of vacant land in such communities for residential and industrial development, that it is necessary to clear, replan and redevelop such vacant land, and that for such purposes it is necessary that municipalities be given the condemnation and other powers provided by the act. It is particularly to be noted that the statute, while it becomes applicable on the existence of certain listed factors or combination of factors, expressly requires that the area is ‘1 predominantly vacant ’ \ Of the area here involved at least 75% is vacant. Section 72-n, beginning at paragraph a of subdivision 3 thereof, describes *214 the procedure. The Planning Commission, after public hearing, may designate an area for these purposes providing there are findings that the area is vacant or predominantly vacant, and, in addition, findings as to the existence of some or all of the seven conditions above listed and findings that those conditions impair or arrest the sound growth of the community or tend to create slums or blighted areas. The Planning Commission must then make a detailed statement of the existing physical, economical and sociological conditions in the project area and a general statement of the new project and there must be hearings on a preliminary plan and approval of the preliminary and final plan by the local legislative body,' whereupon the municipality may acquire the property by condemnation or .otherwise and may sell it for the purpose of clearing, replanning, redevelopment, etc., in accordance with the final plan.
This action came into Special Term on the city’s motion for a dismissal of the complaint and for summary judgment and the court held that plaintiffs are not entitled to relief. On appeal to the Appellate Division, Second Department, that court modified only to the extent of directing that judgment go for defendant city, the court holding that in an action for declaratory judgment the granting of a motion by the defendant for judgment on the pleadings properly results not in a dismissal of the complaint but in a declaration on the merits in favor of defendant. The Appellate Division, as stated, modified by directing a declaratory judgment for the city.
This complaint does not allege any failure to carry out any of the statutory procedures. It points out that the Planning Board in this case made findings not only as to the vacancy of a large part of the area but also of these statutory factors: that the land is subdivided into plots of such form, shape and insufficient size as to prevent effective economic development, that the streets are obsolete and of poorly designed patterns, and that the improvements are scattered and incompatible with appropriate development. The real basis of the complaint is its statement that there is in the area no such “ tangible physical blight ’ ’ as to constitute the area of slum. Plaintiffs’ argument, most simply put, is that this taking is not for a “ public use ” because it is a taking of nonslum land for development into a so-called “ Industrial Park ” or area set aside for new industrial develop *215 rnent. We agree with the courts below that an area does not have to be a “ slum” to make its redevelopment a public use nor is public use negated by a plan to turn a predominantly vacant, poorly developed and organized area into a site for new industrial buildings.
We see nothing unconstitutional on the face of this statute or in its proposed application to these undisputed facts. Taking of substandard real estate by a municipality for redevelopment by private corporations has long been recognized as a species of public use (Matter of Murray v. La Guardia, 291 N. Y. 320; see Kaskel v. Impellitteri, 306 N. Y. 73, cert. den. 347 U. S. 934; Cuglar v. Power Auth. of State of N. Y., 3 N Y 2d 1006). The condemnation by the city of an area such as this so that it may be turned into sites for needed industries is a public use (see Graham v. Houlihan, 147 Conn. 321; Opinion of the Justices, 334 Mass. 760; Wilson v. Long Branch, 27 N. J. 360; People ex rel. Adamowski v. Chicago Land Clearance Comm., 14 Ill. 2d 74; Berman v. Parker, 348 U. S. 26).
The judgment should be affirmed, with costs.