■ In the Matter of GLEN COVE COMMUNITY DEVELOPMENT AGENCY, Respondent. ARDAAS, INC., Petitioner. [686 NYS2d 306] —Proceeding pursuant to EDPL 207 to review a determination made by the Glen Cove Community Development Agency, dated May 19, 1998, after a public hearing, to acquire the petitioner's property by condemnation.

Adjudged that the determination is confirmed, with costs, the petition is denied, and the proceeding is dismissed.

After a public hearing, the respondent, Glen Cove Community Development Agency (hereinafter the Agency), adopted a resolution to condemn the petitioner's property. The property consists of a three-story glass-and-brick enclosed shopping mall located on five lots in the central business district of the City of Glen Cove. The petitioner, who purchased the property shortly before the public hearing, planned to convert the mall into a catering hall/restaurant.

Contrary to the petitioner's contention, the Agency established that the proposed condemnation will serve a valid public purpose. The hearing transcript is replete with references to economic stagnation caused by persistent vacancies in the retail stores and restaurants in the central business district. In addition, several witnesses described the deteriorating physical condition of the buildings in the area, including the shopping mall. Those witnesses agreed that a local department

store, which was interested in purchasing the shopping mall, would attract other businesses, revitalize the neighborhood and strengthen the City's economic base.

Under these circumstances, it cannot be said that the Agency acted in bad faith or that its determination to condemn the property for the purpose of selling it to the department store was irrational (see, *Village Auto Body Works v Incorporated Vil. of Westbury,* 90 AD2d 502; *Matter of Dowling Coll. v Flacke,* 78 AD2d 551, 552). Moreover, the mere fact that the condemned property will be sold to a private entity to effectuate the redevelopment does not destroy the public benefit or invalidate the condemnor's determination as long as the public purpose is dominant (see, *Matter of Waldo's, Inc. v Village of Johnson City,* 74 NY2d 718, 721; *Cannata v City of New York,* 11 NY2d 210).

The petitioner's remaining contentions are without merit. Bracken, J. P., Santucci, Goldstein and McGinity, JJ., concur.