Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency (2020 NY Slip Op 06597)





Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency


2020 NY Slip Op 06597


Decided on November 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, NEMOYER, CURRAN, AND WINSLOW, JJ.


588 OP 20-00086

[*1]IN THE MATTER OF COURT STREET DEVELOPMENT PROJECT, LLC, PETITIONER,
v
UTICA URBAN RENEWAL AGENCY, RESPONDENT. 






E. STEWART JONES HACKER MURPHY LLP, LATHAM (PATRICK L. SEELY, JR., OF COUNSEL), FOR PETITIONER. 
WHITEMAN OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER M. MCDONALD OF COUNSEL), FOR RESPONDENT. 


 Proceeding pursuant to Eminent Domain Procedure Law § 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul the determination of respondent to condemn certain real property. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent authorizing the condemnation of petitioner's real property. The property is one of four parcels on which the Northland Building (building) on Court Street in Utica, New York is situated. The building has been vacant since 2016.
Pursuant to EDPL 207, the scope of this Court's review of a determination to condemn property is " 'very limited' " (Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed and lv denied 14 NY3d 924 [2010], quoting Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]). We must either confirm or reject the condemnor's determination, and our review is "confined to whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with [the State Environmental Quality Review Act ([SEQRA] ECL art 8)] and EDPL article 2; and (4) the acquisition will serve a public use" (Grand Lafayette Props. LLC, 6 NY3d at 546). "The burden is on the party challenging the condemnation to establish that the determination was without foundation and baseless. . . . Thus, [i]f an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the [condemnor's] determination should be confirmed" (Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014] [internal quotation marks omitted]; see Matter of Eisenhauer v County of Jefferson, 122 AD3d 1312, 1312 [4th Dept 2014]).
Initially, we reject the contention of petitioner that condemnation is beyond respondent's statutory authority because there has been no finding that petitioner's parcel is blighted. Areas of economic underdevelopment and stagnation may be considered blighted so as to support the taking of vacant and underutilized properties located therein (see Matter of Haberman v City of Long Beach, 307 AD2d 313, 313-314 [2d Dept 2003], appeal dismissed 1 NY3d 535 [2003], lv denied 3 NY3d 601 [2004], cert dismissed 543 US 1086 [2005]; see also Matter of Glen Cove Community Dev. Agency [Ardaas, Inc.], 259 AD2d 750, 751 [2d Dept 1999]). Here, respondent determined that the building is economically underutilized and has experienced deterioration since it became vacant in 2016. Respondent owns two of the four parcels on which the building is situated and has negotiated a transfer of title with respect to a third parcel, but its [*2]redevelopment and reuse of the building is not feasible unless it owns all four parcels. Condemnation of petitioner's parcel will allow respondent to hold complete title to the building and will thus foster the redevelopment of the building, which is an adequate basis for respondent's determination to exercise its legislatively conferred power to acquire real property in order to eliminate blighting influences (see General Municipal Law §§ 501, 554, 616).
We also reject petitioner's contention that the condemnation will not serve a public purpose. "What qualifies as public purpose or public use is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage" (Syracuse Univ., 71 AD3d at 1433 [internal quotation marks omitted]). In its determination, respondent stated that the public use, benefit, or purpose of the acquisition is to eliminate any dispute over title and access to the building so as to facilitate the rehabilitation and reuse of the building, with an intention of securing investment in the building and creating jobs and encouraging economic development. Redevelopment is a valid public purpose (see Matter of United Ref. Co. of Pa. v Town of Amherst, 173 AD3d 1810, 1811 [4th Dept 2019], lv denied 34 NY3d 913 [2020]; see also Matter of Bendo v Jamestown Urban Renewal Agency, 291 AD2d 859, 860 [4th Dept 2002], lv denied 98 NY2d 603 [2002]; Sunrise Props. v Jamestown Urban Renewal Agency, 206 AD2d 913, 913 [4th Dept 1994], lv denied 84 NY2d 809 [1994]), and respondent's condemnation of petitioner's property serves the valid public purpose of clearing title in order to promote redevelopment and adaptive reuse.
Petitioner further contends that respondent failed to satisfy the requirements of SEQRA. Our review of respondent's SEQRA determination "is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination was affected by an error of law or was arbitrary and capricious or an abuse of discretion" (Akpan v Koch, 75 NY2d 561, 570 [1990] [internal quotation marks omitted]). Petitioner contends that, by considering only the impact of the condemnation of petitioner's property without considering the impact of future unknown aspects of the rehabilitation or reuse project, respondent improperly "segmented" its SEQRA review. We reject that contention. "Segmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated," which is prohibited in order to prevent "a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review" (Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 204 AD2d 548, 550 [2d Dept 1994], lv dismissed in part and denied in part 85 NY2d 854 [1995]; see Sun Co. v City of Syracuse Indus. Dev. Agency, 209 AD2d 34, 47 [4th Dept 1995], appeal dismissed 86 NY2d 776 [1995]). Here, no specific future use had been identified prior to the acquisition of petitioner's property, and thus respondent was not required to consider the environmental impact of anything beyond the acquisition (see GM Components Holdings, LLC, 112 AD3d at 1353).
We also reject petitioner's contention that the determination did not comply with the procedures set forth in EDPL article 2 because respondent failed to provide a map at the public hearing. Although EDPL 203 lists a map as one of the items that a condemnor may provide at the public hearing, if pertinent, a condemnor is not required to provide a map (see Matter of River St. Realty Corp. v City of New Rochelle, 181 AD3d 676, 678 [2d Dept 2020]; Matter of Richards v Tompkins County, 82 AD3d 1323, 1326 [3d Dept 2011]). Petitioner's parcel was identified at the public hearing by its tax parcel identification number and was also described, in relevant part, as "the building commonly referred to as the former Northland Communications building." The building has been located in downtown Utica for 40 years, and there is no evidence in the record to suggest that the lack of a map created any confusion. The location of the project was adequately identified for purposes of EDPL 203, and thus petitioner has not demonstrated a basis, within the limited review identified by EDPL 207, on which to set aside the determination (see Richards, 82 AD3d at 1326).
We have considered petitioner's remaining contentions and conclude that none warrants annulment of the determination.
Entered: November 13, 2020
Mark W. Bennett
Clerk of the Court