Matter of Truett v Oneida County (2021 NY Slip Op 07429)





Matter of Truett v Oneida County


2021 NY Slip Op 07429


Decided on December 23, 2021


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, NEMOYER, CURRAN, AND WINSLOW, JJ.


1042 OP 21-00853

[*1]IN THE MATTER OF BRETT B. TRUETT, JOSEPH CERINI, AND 418 LAFAYETTE ST. CORP., PETITIONERS,
v
ONEIDA COUNTY, RESPONDENT. 






MCPHILLIPS, FITZGERALD & CULLUM, LLP, GLENS FALLS (DENNIS J. PHILLIPS OF COUNSEL), FOR PETITIONERS.
WHITEMAN OSTERMAN & HANNA, LLP, ALBANY (CHRISTOPHER M. MCDONALD OF COUNSEL), FOR RESPONDENT.


 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul a determination of respondent. The determination resolved to condemn certain real properties. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioners commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent to condemn certain real properties by eminent domain for the construction of a public parking facility in the City of Utica, Oneida County. Pursuant to EDPL 207 (C), this Court "shall either confirm or reject the condemnor's determination and findings." Our scope of review is limited to "whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with [the State Environmental Quality Review Act (SEQRA)] and EDPL article 2; and (4) the acquisition will serve a public use" (Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]; see EDPL 207 [C]; Matter of Butler v Onondaga County Legislature, 39 AD3d 1271, 1271 [4th Dept 2007]).
We reject petitioners' contention that respondent failed to comply with the requirements of SEQRA or the procedural requirements of the EDPL by relying on the findings set forth by the designated lead agency for the purposes of SEQRA (see Matter of Turkewitz v Planning Bd. of City of New Rochelle, 24 AD3d 790, 791 [2d Dept 2005], lv denied 6 NY3d 713 [2006]). Contrary to petitioners' further contention, respondent properly determined that the condemnation of the properties will serve the public use of mitigating parking and traffic congestion, notwithstanding the fact that the need for the parking facility is, at least in part, due to a nearby private construction project, i.e., the construction of a hospital (see generally General Municipal Law § 72-j [1]; Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 720-721 [1989]).
We have reviewed petitioners' remaining contentions and conclude that they lack merit.
Entered: December 23, 2021
Ann Dillon Flynn
Clerk of the Court