Matter of Penney Prop. Sub Holdings LLC v Town of Amherst (2023 NY Slip Op 05058)

Matter of Penney Prop. Sub Holdings LLC v Town of Amherst

2023 NY Slip Op 05058

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, MONTOUR, OGDEN, AND DELCONTE, JJ.

603 OP 23-00478

[*1]IN THE MATTER OF PENNEY PROPERTY SUB HOLDINGS LLC, PETITIONER,
v
THE TOWN OF AMHERST, RESPONDENT. 

HARTER SECREST & EMERY LLP, ROCHESTER (MEGAN K. DORRITIE OF COUNSEL), FOR PETITIONER. 
HODGSON RUSS LLP, BUFFALO (CHARLES W. MALCOMB OF COUNSEL), FOR RESPONDENT.

 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to review a determination of respondent. The determination condemned certain property of petitioner. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent, Town of Amherst (Town), authorizing the condemnation of approximately 62 acres of property consisting predominantly of the Boulevard Mall and surrounding parking area (Mall property). The Mall property includes petitioner's 2.3 acres of commercial land, which is leased and operated as a fully-functional JC Penney department store. The Town held a public hearing on November 22, 2022, prior to which it timely published a notice of hearing as required by EDPL 202. With respect to petitioner, the Town further served notice of the hearing on November 9, 2022, by both hand delivery to the secretary of state and by certified mail, return receipt requested, addressed to petitioner's tax billing address on file with the Town Assessor. The Town does not dispute that the secretary of state delayed in forwarding the notice of hearing to petitioner until after the hearing had been held, and further concedes that the notice sent to petitioner by certified mail was never delivered. On January 30, 2023, the Town adopted a resolution authorizing the acquisition.
Petitioner contends that the Town's failure to provide proper notice of the hearing deprived petitioner of due process, requiring this Court to annul the Town's determination. EDPL 202 (C) (1) provides that where, as here, a public hearing is required, the condemnor "shall serve, either by personal service or certified mail, return receipt requested, a notice of the purpose, time, date, and location of [the] hearing . . . to each assessment record billing owner." We agree with petitioner that hand delivery of the hearing notice to the secretary of state does not constitute personal service (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 142 [1986]). Contrary to petitioner's contention, however, we conclude that the Town fulfilled the requirements of both EDPL 202 (C) (1) and procedural due process by serving notice of the hearing to petitioner by certified mail, return receipt requested.
With respect to procedural due process, it is well settled that " '[d]ue process does not require that a property owner receive actual notice before the government may take [their] property' " (Matter of City of Rochester [Duvall], 92 AD3d 1297, 1298 [4th Dept 2012], quoting Jones v Flowers, 547 US 220, 226 [2006]). "Rather, due process is satisfied by 'notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections' " (id., quoting Mullane v [*2]Central Hanover Bank & Trust Co., 339 US 306, 314 [1950]). If the Town had been made aware prior to the hearing "that its attempt at notice ha[d] failed" (Jones, 547 US at 227), then it would have been obliged to "take[ ] additional steps to notify [petitioner], if practicable to do so" (id. at 234). Here, however, the record lacks evidence that the Town was, or should have been, aware that the mailed notice had not actually reached petitioner prior to the hearing. Under these circumstances, the notice provided to petitioner satisfied the requirements of procedural due process.
Petitioner further contends that the hearing was not conducted in compliance with EDPL 203 because the Town failed to outline a specific future use for the proposed acquisition. That contention "is not properly before us [inasmuch] as th[at] precise issue was not timely raised in the petition" (Matter of Tadasky Corp. v Village of Ellenville, 45 AD3d 1131, 1132 [3d Dept 2007]; see Matter of United Ref. Co. of Pa. v Town of Amherst, 173 AD3d 1810, 1812 [4th Dept 2019], lv denied 34 NY3d 913 [2020]). In any event, that contention is without merit.
Additionally, we reject petitioner's contention that the condemnation will not serve a public use, benefit, or purpose (see EDPL 207 [C] [4]). "What qualifies as a public purpose or public use is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage" (Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010] [internal quotation marks omitted]), and "[i]t is well settled that redevelopment and urban renewal are valid public uses" (United Ref. Co. of Pa., 173 AD3d at 1811), as is "removal of urban blight" (Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 524 [2009], rearg denied 14 NY3d 756 [2010]). Here, condemnation of petitioner's property will "allow [the Town] to hold complete title to [the Mall property] and will thus foster the redevelopment of [the area] . . . in order to eliminate blighting influences" (Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1602 [4th Dept 2020]; see Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls, 218 AD3d 1306, 1308 [4th Dept 2023]; Matter of Huntley Power, LLC v Town of Tonawanda [proceeding No. 2], 217 AD3d 1325, 1327 [4th Dept 2023]). We therefore conclude that the Town's determination to exercise its eminent domain power "is rationally related to a conceivable public purpose" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425 [1986] [internal quotation marks omitted]).
We further reject petitioner's contentions that the Town's finding of blight as it relates to petitioner's property is based on insufficient evidence and that the taking of petitioner's property is excessive. With respect to petitioner's property, the government "may condemn [an] unblighted parcel[ ] as part of an overall plan to improve a blighted area" (Matter of Develop Don't Destroy [Brooklyn] v Urban Dev. Corp., 59 AD3d 312, 321 [1st Dept 2009], lv denied 13 NY3d 713 [2009], rearg denied 14 NY3d 748 [2010] [internal quotation marks omitted]; see Cannata v City of New York, 14 AD2d 813, 813 [2d Dept 1961], affd 11 NY2d 210 [1962], appeal dismissed 371 US 4 [1962]; see generally Yonkers Community Dev. Agency v Morris, 37 NY2d 478, 483-484 [1975], appeal dismissed 423 US 1010 [1975]). There is support in the record for the Town's conclusions that the Mall property, as a whole, is an "[a]rea[ ] of economic underdevelopment and stagnation" (Court St. Dev. Project, LLC, 188 AD3d at 1602) and that "condemnation and subsequent improvement of [the Mall] property would benefit the area's redevelopment" (United Ref. Co. of Pa., 173 AD3d at 1811). Thus, there is no basis for us to "supplant [the Town's] determination" (Goldstein, 13 NY3d at 528; cf. Matter of Gabe Realty Corp. v City of White Plains Urban Renewal Agency, 195 AD3d 1020, 1022 [2d Dept 2021]). Furthermore, we conclude that petitioner has not met its burden of demonstrating that the Town abused its considerable discretion in condemning petitioner's property in addition to the rest of the Mall property (see Huntley Power, LLC, 217 AD3d at 1327; United Ref. Co. of Pa., 173 AD3d at 1811-1812; Matter of Butler v Onondaga County Legislature, 39 AD3d 1271, 1272 [4th Dept 2007]).
We likewise reject petitioner's contention that the Town's purpose for acquiring the property manifests an intent to engage in constitutionally-prohibited enterprise because the Town may sell the property to a private developer. "[T]he '[t]aking of substandard real estate by a municipality for redevelopment by private corporations has long been recognized as a species of public use' " (Huntley Power, LLC, 217 AD3d at 1328, quoting Cannata, 11 NY2d at 215), and " 'incidental private benefit will not invalidate an agency's determination so long as the [*3]public purpose is dominant' " (Sun Co. v City of Syracuse Indus. Dev. Agency, 209 AD2d 34, 43 [4th Dept 1995], appeal dismissed 86 NY2d 776 [1995], quoting Matter of Waldo's, Inc. v Village of Johnson City, 74 NY2d 718, 721 [1989]; see Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency, 301 AD2d 292, 303 [4th Dept 2002], lv denied 99 NY2d 502 [2003]).
We have reviewed petitioner's remaining contentions, and conclude that they are without merit.
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court