Matter of Bowers Dev., LLC v Oneida County Indus. Dev. Agency (2024 NY Slip Op 00523)

Matter of Bowers Dev., LLC v Oneida County Indus. Dev. Agency

2024 NY Slip Op 00523

Decided on February 2, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 2, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, BANNISTER, AND MONTOUR, JJ.

764/22 OP 22-00744

[*1]IN THE MATTER OF BOWERS DEVELOPMENT, LLC, AND ROME PLUMBING & HEATING SUPPLY CO., INC., PETITIONERS,
v
ONEIDA COUNTY INDUSTRIAL DEVELOPMENT AGENCY AND CENTRAL UTICA BUILDING, LLC, RESPONDENTS. 

FOGEL & BROWN, P.C., SYRACUSE (MICHAEL A. FOGEL OF COUNSEL), FOR PETITIONERS. 
PAUL J. GOLDMAN, ALBANY, FOR RESPONDENT ONEIDA COUNTY INDUSTRIAL DEVELOPMENT AGENCY.
COHEN COMPAGNI BECKMAN APPLER & KNOLL, PLLC, SYRACUSE (LAURA L. SPRING OF COUNSEL), FOR RESPONDENT CENTRAL UTICA BUILDING, LLC. 

 Proceeding pursuant to Eminent Domain Procedure Law § 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul the determination of respondent Oneida County Industrial Development Agency to condemn certain real property. The determination was annulled and the petition was granted by order of this Court entered December 23, 2022 (211 AD3d 1495), and respondents were granted leave to appeal to the Court of Appeals from the order of this Court (214 AD3d 1417), and the Court of Appeals on December 14, 2023 reversed the order and remitted the case to this Court for consideration of the issues raised but not determined on the appeal to this Court (40 NY3d 1061 [2023]). 
Now, upon remittitur from the Court of Appeals and having considered the issues raised but not determined on the appeal to this Court,
It is hereby ORDERED that, upon remittitur from the Court of Appeals, the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: This case is before us upon remittitur from the Court of Appeals (Matter of Bowers Dev., LLC v Oneida County Indus. Dev. Agency, 40 NY3d 1061 [2023], revg 211 AD3d 1495 [4th Dept 2022]). We previously annulled the determination of respondent Oneida County Industrial Development Agency (OCIDA) to acquire by eminent domain certain property in the City of Utica. A majority of this Court concluded that, although OCIDA's determination and findings indicated that the property was to be acquired for use as a surface parking lot, the primary purpose of the acquisition was not a commercial purpose, and thus OCIDA lacked the requisite authority to acquire the property (Bowers Dev., LLC, 211 AD3d at 1495-1496; see General Municipal Law
§ 858). The Court of Appeals reversed our order, holding that OCIDA "had a rational basis for concluding that the use of the property was for a 'commercial' purpose," and that "its determination was not 'without foundation' " (Bowers Dev., LLC, 40 NY3d at 1064). The Court of Appeals remitted the matter to this Court "for consideration of issues raised but not determined" previously (id.).
We reject petitioners' contention that OCIDA's determination should be annulled because OCIDA's financial assistance to the project violated the anti-pirating provisions contained in General Municipal Law § 862 (1). That contention does not fall within the limited scope of this [*2]Court's statutory review (see EDPL 207 [C]; see generally Matter of City of New York [Grand Lafayette Props. LLC], 6 NY3d 540, 546 [2006]; Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls, 218 AD3d 1306, 1309 [4th Dept 2023], appeal dismissed 40 NY3d 1059 [2023]). The proper procedural vehicle for raising such a contention is a proceeding pursuant to CPLR article 78 (see CPLR 7803 [3]; Matter of Dudley v Town Bd. of Town of Prattsburgh, 59 AD3d 1103, 1104 [4th Dept 2009]).
We also reject petitioners' contention that the acquisition at issue will not serve a public use, benefit or purpose (see EDPL 207 [C] [4]). "What qualifies as a public purpose or public use is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage" (Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010] [internal quotation marks omitted]; see also Matter of PSC, LLC v City of Albany Indus. Dev. Agency, 200 AD3d 1282, 1285 [3d Dept 2021], lv denied 38 NY3d 909 [2022]). Here, the acquisition of the property will serve the public use of mitigating parking and traffic congestion, notwithstanding the fact that the need for the parking facility is, at least in part, due to the construction of a private medical facility (see Matter of Truett v Oneida County, 200 AD3d 1721, 1722 [4th Dept 2021], lv denied 38 NY3d 907 [2022]; see generally General Municipal Law § 72-j [1]). We therefore conclude that OCIDA's determination to exercise its eminent domain power "is rationally related to a conceivable public purpose" (Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 425 [1986] [internal quotation marks omitted]).
Petitioners further contend that the determination must be annulled because OCIDA failed to comply with certain provisions of EDPL article 2. Contrary to petitioners' contention, we conclude that OCIDA fulfilled the requirements of EDPL 202 (C) (1) by serving notice of the hearing to the owners of record. Also contrary to petitioners' contention, we conclude that the location of the project was adequately identified for purposes of EDPL 203. On this record, petitioners have not demonstrated a basis, within the limited review identified by EDPL 207, on which to set aside the determination based on noncompliance with EDPL article 2 (see Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1604 [4th Dept 2020]).
We reject petitioners' contention that OCIDA failed to comply with the requirements of the State Environmental Quality Review Act (SEQRA) by relying on the findings set forth by the designated lead agency for the purposes of SEQRA (see Truett, 200 AD3d at 1722). Contrary to petitioners' further contention, OCIDA did not improperly segment its SEQRA review. " 'Segmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated,' which is prohibited in order to prevent 'a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review' " (Court St. Dev. Project, LLC, 188 AD3d at 1603). Here, OCIDA, as an involved agency for SEQRA purposes, adopted a resolution affirming the lead agency's review of the entire project constituting the action under SEQRA and did not improperly limit its review to only a portion of the project.
Finally, we have considered petitioners' remaining contentions and conclude that none warrants annulment of the determination.
Entered: February 2, 2024
Ann Dillon Flynn
Clerk of the Court