Matter of HBC Victor LLC v Town of Victor (2024 NY Slip Op 01625)

Matter of HBC Victor LLC v Town of Victor

2024 NY Slip Op 01625

Decided on March 22, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 22, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

47 OP 23-01347

[*1]IN THE MATTER OF HBC VICTOR LLC, PETITIONER,
v
TOWN OF VICTOR, RESPONDENT. 

PHILLIPS LYTLE LLP, BUFFALO (CRAIG A. LESLIE OF COUNSEL), FOR PETITIONER.
HARRIS BEACH PLLC, PITTSFORD (KYLE D. GOOCH OF COUNSEL), FOR RESPONDENT. 

 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to annul the determination of respondent. The determination authorized condemnation of certain real property owned by petitioner. 
It is hereby ORDERED that said determination is confirmed without costs and the petition is unanimously dismissed.
Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent, Town of Victor (Town), authorizing the condemnation of certain real property owned by petitioner in Ontario County. We previously annulled the Town's prior determination authorizing condemnation of the same property (Matter of HBC Victor LLC v Town of Victor, 212 AD3d 121 [4th Dept 2022]). We now confirm the Town's current determination and dismiss the petition.
Contrary to petitioner's contentions, the Town's determination and findings comport with EDPL article 2 and do not violate petitioner's federal and state constitutional rights. As a preliminary matter, we note that this Court's review power is limited by statute (see EDPL 207 [C] [1]-[4]; Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls, 218 AD3d 1306, 1307-1308 [4th Dept 2023], appeal dismissed 40 NY3d 1059 [2023]; Matter of Truett v Oneida County, 200 AD3d 1721, 1721-1722 [4th Dept 2021], lv denied 38 NY3d 907 [2022]; Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010]). Such limited judicial review does not contemplate a de novo consideration of the issues (see Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 418 [1986]). Rather, this Court must determine whether the condemnor's exercise of its power of eminent domain "is rationally related to a conceivable public purpose" (id. at 425 [internal quotation marks omitted]; see Matter of Penney Prop. Sub Holdings LLC v Town of Amherst, 220 AD3d 1169, 1171 [4th Dept 2023]), whether the condemnor's determination and findings "were predicated upon a rational factual basis" (Long Is. R.R. Co. v Long Is. Light. Co., 103 AD2d 156, 168 [2d Dept 1984], affd 64 NY2d 1088 [1985]), or whether the property owner has established, on the part of the condemnor, a " 'clear showing of bad faith or conduct which is irrational, baseless or palpably unreasonable' " (Matter of Dowling Coll. v Flacke, 78 AD2d 551, 552 [2d Dept 1980]; see Matter of Kaur v New York State Urban Dev. Corp., 15 NY3d 235, 254 [2010], cert denied 562 US 1108 [2010]).
In other words, the party challenging the condemnation has the burden of establishing "that the determination was without foundation and baseless . . . Thus, [i]f an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the [condemnor's] determination should be confirmed" (Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014] [internal quotation marks omitted]; see Matter of United Ref. Co. of Pa. v Town of Amherst, 173 AD3d 1810, 1810-[*2]1811 [4th Dept 2019], lv denied 34 NY3d 913 [2020]).
Here, contrary to petitioner's contention, the Town established a qualifying public purpose or use for the property. This Court has previously defined "public use" as "any use which contributes to the health, safety, general welfare, convenience or prosperity of the community" (Matter of Byrne v New York State Off. of Parks, Recreation & Historic Preserv., 101 AD2d 701, 702 [4th Dept 1984]; see Matter of PSC, LLC v City of Albany Indus. Dev. Agency, 200 AD3d 1282, 1285 [3d Dept 2021], lv denied 38 NY3d 909 [2022]; see also Matter of Gabe Realty Corp. v City of White Plains Urban Renewal Agency, 195 AD3d 1020, 1022 [2d Dept 2021]). A public use or purpose could therefore include stimulating the local economy, creating jobs, providing infrastructure (see Matter of City of New York v Yonkers Indus. Dev. Agency, 170 AD3d 1003, 1004 [2d Dept 2019]), avoiding the blight of economically underutilized properties (see PSC, LLC, 200 AD3d at 1284-1285; see also Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1602 [4th Dept 2020]), or fostering redevelopment and urban renewal (see Penney Prop. Sub Holdings LLC, 220 AD3d at 1171; United Ref. Co. of Pa., 173 AD3d at 1811).
Inasmuch as one of the Town's stated public purposes is to facilitate an economic redevelopment project that would permit the vacant and underutilized property to be turned into space appropriate for lease to an international department store and a grocer, both of which have expressed interest in becoming tenants, we conclude that the Town met its burden of establishing a legitimate public purpose for the condemnation (see Penney Prop. Sub Holdings LLC, 220 AD3d at 1171). We further conclude that the Town's proposed use of a portion of the building for an 11,000-square-foot community and recreation space is a viable public purpose under the EDPL (see Niagara Falls Redevelopment, LLC, 218 AD3d at 1308; Matter of Woodfield Equities LLC v Incorporated Vil. of Patchogue, 28 AD3d 488, 489-490 [2d Dept 2006]; Matter of Pfohl v Village of Sylvan Beach, 26 AD3d 820, 821 [4th Dept 2006]).
With respect to petitioner's claim that the Town is improperly transferring title to another private developer with no support from an integrated development plan, it is well settled that "the '[t]aking of substandard real estate by a municipality for redevelopment by private corporations has long been recognized as a species of public use' " (Matter of Huntley Power, LLC v Town of Tonawanda [proceeding No. 1], 217 AD3d 1325, 1328 [4th Dept 2023], appeal dismissed 40 NY3d 1058 [2023], quoting Cannata v City of New York, 11 NY2d 210, 215 [1962], appeal dismissed 371 US 4 [1962]; see Kelo v City of New London, 545 US 469, 486 [2005]; see also Penney Prop. Sub Holdings LLC, 220 AD3d at 1172).
Contrary to petitioner's further contentions, we conclude that the Town's 2015 Comprehensive Plan is sufficient to support the Town's condemnation action (see generally Kelo, 545 US at 486) and that the public purposes articulated by the Town are not merely incidental to the private benefits arising from the condemnation (see Penney Prop. Sub Holdings LLC, 220 AD3d at 1172; Matter of Kaufmann's Carousel v City of Syracuse Indus. Dev. Agency, 301 AD2d 292, 303 [4th Dept 2002], lv denied 99 NY2d 508 [2003]; cf. Syracuse Univ., 71 AD3d at 1434-1435; Matter of 49 WB, LLC v Village of Haverstraw, 44 AD3d 226 [2d Dept 2007], abrogated on other grounds by Hargett v Town of Ticonderoga, 13 NY3d 325 [2009]). We reject petitioner's contention that the public use proposed for the part of the property to be leased by the Town is illusory. Although the Town initially stated at the public hearing that it had not yet determined what it would do with that portion of the property, the Town subsequently narrowed its public use in its determination and findings to a "community and recreation center space to provide for and enhance the Town's public services" as part of creating a "vibrant, sought-after retail, community and recreation destination" on the property. Moreover, petitioner's "assertion that alternate sites would better serve the [Town's] purposes is not a basis for relief under EDPL 207" (Matter of Peekskill Hgts., Inc. v City of Peekskill Common Council, 110 AD3d 1079, 1080 [2d Dept 2013]; see Matter of One Point St., Inc. v City of Yonkers Indus. Dev. Agency, 170 AD3d 851, 853 [2d Dept 2019]; see also Village Auto Body Works v Incorporated Vil. of Westbury, 90 AD2d 502, 502 [2d Dept 1982]).
Finally, inasmuch as petitioner did not raise any of its SEQRA concerns at the public hearing on April 24, 2023 (see EDPL 202 [C] [2]), we conclude that, if petitioner wanted to challenge the subsequent SEQRA determination, it should have done so by commencing a CPLR article 78 proceeding against the Town (see Matter of County of
Tompkins [Perkins], 237 AD2d 667, 668 [3d Dept 1997]). We therefore do not address the merits of those contentions.
Entered: March 22, 2024
Ann Dillon Flynn
Clerk of the Court