Matter of 3649 Erie, LLC v Onondaga County Indus. Dev. Agency (2024 NY Slip Op 05673)

Matter of 3649 Erie, LLC v Onondaga County Indus. Dev. Agency

2024 NY Slip Op 05673

Decided on November 15, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 15, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CURRAN, GREENWOOD, NOWAK, AND KEANE, JJ.

628.1 OP 24-00426

[*1]IN THE MATTER OF 3649 ERIE, LLC, PETITIONER,
v
ONONDAGA COUNTY INDUSTRIAL DEVELOPMENT AGENCY, AND OHB REDEV, LLC, RESPONDENTS. 

WHITEMAN OSTERMAN & HANNA LLP, ALBANY (CHRISTOPHER M. MCDONALD OF COUNSEL), FOR PETITIONER.
BARCLAY DAMON LLP, BUFFALO (MARK R. MCNAMARA OF COUNSEL), FOR RESPONDENT ONONDAGA COUNTY INDUSTRIAL DEVELOPMENT AGENCY. 
BOND, SCHOENECK & KING, PLLC, SYRACUSE (BRODY D. SMITH OF COUNSEL), FOR RESPONDENT OHB REDEV, LLC. 

 Proceeding pursuant to EDPL 207 (initiated in the Appellate Division of the Supreme Court in the Fourth Judicial Department) to review a certain condemnation by eminent domain. 
It is hereby ORDERED that the determination is unanimously confirmed without costs and the petition is dismissed.
Memorandum: Petitioner commenced this original proceeding pursuant to EDPL 207 seeking to annul the determination of respondent Onondaga County Industrial Development Agency (OCIDA), authorizing the condemnation of one parcel of real property owned by petitioner that was part of the former Shoppingtown Mall. We confirm the determination and dismiss the petition.
Contrary to petitioner's contentions, OCIDA's determination and findings comport with EDPL article 2 and do not violate petitioner's federal and state constitutional rights. Preliminarily, we note that this Court's review power is limited by statute (see EDPL 207 [C] [1]-[4]; Matter of Niagara Falls Redevelopment, LLC v City of Niagara Falls, 218 AD3d 1306, 1307-1308 [4th Dept 2023], appeal dismissed 40 NY3d 1059 [2023], lv denied 42 NY3d 904 [2024]). Pursuant to EDPL 207 (C), this Court "shall either confirm or reject the condemnor's determination and findings." Our scope of review is limited to " 'whether (1) the proceeding was constitutionally sound; (2) the condemnor had the requisite authority; (3) its determination complied with[, inter alia,] EDPL article 2; and (4) the acquisition will serve a public use' " (Niagara Falls Redevelopment, LLC, 218 AD3d at 1307; see EDPL 207 [C]).
"[T]he party challenging the condemnation has the burden of establishing that the determination was without foundation and baseless . . . Thus, [i]f an adequate basis for a determination is shown and the objector cannot show that the determination was without foundation, the condemnor's determination should be confirmed" (Matter of HBC Victor LLC v Town of Victor, 225 AD3d 1254, 1255 [4th Dept 2024], lv denied 42 NY3d 901 [2024] [internal quotation marks omitted]; see Matter of GM Components Holdings, LLC v Town of Lockport Indus. Dev. Agency, 112 AD3d 1351, 1352 [4th Dept 2013], appeal dismissed 22 NY3d 1165 [2014], lv denied 23 NY3d 905 [2014]).
Petitioner contends that the determination should be annulled because OCIDA is not authorized by General Municipal Law §§ 858 and 862 to pursue a project that is predominantly residential and retail in nature. We reject that contention. Under EDPL 207 (C) (2), this Court's analysis is limited to, inter alia, whether the "proposed acquisition" is within the condemnor's [*2]statutory jurisdiction and, here, the intended use of the parcel OCIDA proposes to acquire from petitioner is not residential or retail in nature. Although the developer, respondent OHB Redev, LLC (OHB), intends to develop a portion of the larger project into residential housing and retail establishments, the property upon which it proposes to construct the residential housing and retail establishments is currently owned by Onondaga County and thus not part of the "proposed acquisition" authorized by the determination at issue in this proceeding (EDPL 207 [C] [2]). To the extent that petitioner attempts to challenge the authority of OCIDA to finance a project that contains a residential component, that contention is properly raised in a CPLR article 78 proceeding (see e.g. Matter of Nearpass v Seneca County Indus. Dev. Agency, 152 AD3d 1192, 1193 [4th Dept 2017]).
Petitioner contends that the condemnation of the property is unconstitutional because OCIDA failed to establish that it has sufficient funds to pay petitioner sure and adequate compensation for its parcel. Assuming, arguendo, that the federal or New York Constitution require OCIDA to establish the source of just compensation in this EDPL article 2 proceeding (see Matter of New York State Urban Dev. Corp. [TOH Realty Corp.], 165 AD2d 733, 735 [1st Dept 1990], appeal dismissed 76 NY2d 982 [1990], lv denied 77 NY2d 810 [1991]), we conclude that petitioner's contention is without merit. OHB and OCIDA executed a cost reimbursement agreement and memorandum of understanding in which OHB agreed to bear the full cost of acquiring the property, and "[t]here is no prohibition against private funding of a public condemnation" (Sun Co. v City of Syracuse Indus. Dev. Agency, 209 AD2d 34, 41 [4th Dept 1995], appeal dismissed 86 NY2d 776 [1995]). Further, the OCIDA resolution adopting and incorporating the determination and findings condemning the property authorizes OCIDA to offer to post a bond or undertaking prior to seeking the vesting of title in any EDPL article 4 proceeding in order to ensure that there is a certain and adequate source of payment. The cost reimbursement agreement and memorandum of understanding between OCIDA and OHB also provides that OHB will post a bond that may be required as part of any EDPL article 4 vesting proceeding in order to ensure a certain and adequate source of payment (see generally Mobil Oil Corp. v City of Syracuse Indus. Dev. Agency, 224 AD2d 15, 19-20 [4th Dept 1996], appeal dismissed 89 NY2d 860 [1996], lv denied 89 NY2d 811 [1997]).
Petitioner further contends that OCIDA failed to satisfy the requirements of the State Environmental Quality Review Act (SEQRA) (see ECL art 8). Our review of OCIDA's SEQRA determination "is limited to whether the determination was made in accordance with lawful procedure and whether, substantively, the determination 'was affected by an error of law or was arbitrary and capricious or an abuse of discretion' " (Akpan v Koch, 75 NY2d 561, 570 [1990]). We reject petitioner's contention that OCIDA improperly deferred or segmented from its review, inter alia, lighting, noise, and surface water quality. "Segmentation occurs when the environmental review of a single action is broken down into smaller stages or activities, addressed as though they are independent and unrelated, which is prohibited in order to prevent a project with potentially significant environmental effects from being split into two or more smaller projects, each falling below the threshold requiring full-blown review" (Matter of Court St. Dev. Project, LLC v Utica Urban Renewal Agency, 188 AD3d 1601, 1603 [4th Dept 2020] [internal quotation marks omitted]). Inasmuch as respondents concede that the project is subject to further design changes and further SEQRA review, we conclude that OCIDA's storm water, lighting and noise mitigation plans have been developed "to the fullest extent possible" (see ECL § 8-0103 [6]; see generally Matter of Long Is. Pine Barrens Socy. v Planning Bd. of Town of Brookhaven, 78 NY2d 608, 615 [1991]).
Contrary to petitioner's contention, the redevelopment of the blighted former mall constitutes a legitimate public use. What constitutes a public purpose or use " 'is broadly defined as encompassing virtually any project that may confer upon the public a benefit, utility, or advantage' " (Matter of Syracuse Univ. v Project Orange Assoc. Servs. Corp., 71 AD3d 1432, 1433 [4th Dept 2010], appeal dismissed & lv denied 14 NY3d 924 [2010]; see generally Kelo v City of New London, 545 US 469, 480 [2005]). Here, OCIDA's condemnation of the property serves the public uses of, among other things, remediating blight (see Matter of Goldstein v New York State Urban Dev. Corp., 13 NY3d 511, 524 [2009], rearg denied 14 NY3d 756 [2010]), returning land to productive use (see generally Matter of Jackson v New York State Urban Dev. Corp., 67 NY2d 400, 411 [1986]), making use of underutilized property (see Sunrise Props. v Jamestown Urban Renewal Agency, 206 AD2d 913, 913 [4th Dept 1994], lv denied 84 NY2d 809 [1994]), and fostering economic growth (see Matter of Penney Prop. Sub Holdings LLC v [*3]Town of Amherst, 220 AD3d 1169, 1171 [4th Dept 2023]).
Entered: November 15, 2024
Ann Dillon Flynn
Clerk of the Court